JAY CLAYTON
United States Attorney for the
Southern District of New York
By: JEAN-DAVID BARNEA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2679
Email: jean-david.barnea@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GRACETOWN, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL; SCOTT K. BESSENT, Secretary, United States Department of Treasury, in his official capacity; BRADLEY T. SMITH, Director, Office of Foreign Assets Control, U.S. Department of Treasury, in his official capacity; UNITED STATES DEPARTMENT OF JUSTICE; and PAMELA J. BONDI, Attorney General, United States Department of Justice, in her official capacity,<br><br>        Defendants. | No. 26 Civ. 00257 (ER)<br><br>**ANSWER** |

Defendants the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC"); Scott K. Bessent, Secretary, U.S. Department of Treasury; Bradley T. Smith, Director of OFAC; the U.S. Department of Justice ("DOJ"); and Pamela J. Bondi, U.S. Attorney General (together, the "Government"), by and through their attorney, Jay Clayton, United States Attorney for the Southern District of New York, answer the Complaint for Injunctive and Declaratory Relief

("Complaint"), ECF No. 1, filed by Plaintiff Gracetown, Inc. ("Plaintiff"), on information and belief as follows:

## PRELIMINARY STATEMENT[1]

1.      The first sentence of Paragraph 1 contains Plaintiff's characterization of this action, to which no response is required. The second sentence of Paragraph 1 consists of a conclusion of law to which no response is required.

2.      With respect to the first sentence of Paragraph 2, the Government admits that OFAC issued the Penalty Notice at issue under authority delegated to the Director of OFAC by the Secretary of Treasury, and that the Penalty Notice related to the imposition of a civil monetary penalty of $7,139,305 on Plaintiff for violations of 31 C.F.R. § 589.201, part of OFAC's Ukraine-/ Russia-Related Sanctions Regulations, which were promulgated pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701–06, and for violations of 31 C.F.R. § 501.603(b), part of OFAC's Reporting, Procedures and Penalties Regulations. The remainder of the first sentence consists of conclusions of law and characterizations of OFAC's investigation, to which no response is required. As for the second sentence of Paragraph 2, the Government avers that OFAC calculated and imposed the penalty pursuant to its Enforcement Guidelines, 31 C.F.R. part 501, Appendix A.

3.      Paragraph 3 consists of conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations in Paragraph 3.

4.      The Government denies the allegations in Paragraph 4, except to the extent they are conclusions of law, to which no response is required.

---

[1] For ease of reference, this Answer includes headings and titles from the Complaint, but to the extent those headings and titles could be construed to contain factual allegations or legal arguments, those allegations are denied.

5.    The Government denies the allegations in Paragraph 5, except to the extent they are conclusions of law, to which no response is required.

6.    The Government denies the allegations in Paragraph 6, except to the extent they are conclusions of law, to which no response is required, or as they relate to Plaintiff's financial condition, as to which the Government denies knowledge or information sufficient to form a belief in the truth of the allegation.

7.    Paragraph 7 consists of conclusions of law and Plaintiff's characterization of this action, to which no response is required, but to the extent a response is deemed required, the Government denies that Plaintiff is entitled to any relief.

8.    The Government denies knowledge or information sufficient to form a belief in the truth of the allegation in Paragraph 8, except admits that Plaintiff is incorporated in Delaware.

9.    The Government admits that OFAC is a component of the U.S. Department of the Treasury. The remaining allegations in Paragraph 9 are Plaintiff's characterization of OFAC's responsibilities and authorities, to which no response is required. To the extent a response is deemed required, the Government respectfully refers the Court to the relevant statutes and other authorities for a full and accurate statement of their contents.

10.    The Government admits that Scott K. Bessent is the Secretary of the U.S. Department of the Treasury. The remaining allegations in Paragraph 10 are Plaintiff's characterization of the Secretary's responsibilities and authorities, to which no response is required. To the extent a response is deemed required, the Government respectfully refers the Court to the relevant statutes and other authorities for a full and accurate statement of their contents.

11.    The Government admits that Bradley T. Smith is the Director of OFAC. The remaining allegations in Paragraph 11 are Plaintiff's characterization of the Director's

responsibilities and authorities, to which no response is required. To the extent a response is deemed required, the Government respectfully refers the Court to the relevant statutes and other authorities for a full and accurate statement of their contents.

12.    The allegations in Paragraph 12 are Plaintiff's characterization of DOJ's responsibilities and authorities, to which no response is required. To the extent a response is deemed required, the Government respectfully refers the Court to the relevant statutes and other authorities for a full and accurate statement of their contents.

13.    The Government admits that Pamela Bondi is the Attorney General of the United States. The remaining allegations in Paragraph 13 are Plaintiff's characterization of the Attorney General's responsibilities and authorities, to which no response is required. To the extent a response is deemed required, the Government respectfully refers the Court to the relevant statutes and other authorities for a full and accurate statement of their contents.

14.    Paragraph 14 consists of conclusions of law about this Court's jurisdiction, to which no response is required.

15.    Paragraph 15 consists of conclusions of law about this Court's authority to grant relief, to which no response is required.

16.    Paragraph 16 consists of conclusions of law regarding the appropriate venue for this action, to which no response is required.

**STATEMENT OF FACTS**

**A.  Gracetown's Ownership, Structure, and Operations**

17.    The Government admits the allegations in Paragraph 17, except denies knowledge or information sufficient to form a belief in the truth of the allegations regarding Plaintiff's purpose in incorporating.

4

18. The Government denies knowledge or information sufficient to form a belief in the truth of the allegation in Paragraph 18.

19. The Government admits that Oleg Deripaska is a Russian national and avers that OFAC designated him pursuant to Executive Order 13661 on April 6, 2018. The Government denies knowledge or information sufficient to form a belief in the truth of the allegations regarding the ultimate beneficial ownership of Plaintiff and the transfer thereof to Pavel Ezubov, in 2018, except to the extent they constitute a conclusion of law, to which no response is required. The Government denies all other allegations, including that Plaintiff "ceased" any "affiliation" with Deripaska after the 2018 transfer.

20. The Government admits the allegations in Paragraph 20, and avers that on September 29, 2022, a judge in this District unsealed an indictment against Deripaska alleging various offenses, including a conspiracy to violate IEEPA, in violation of 50 U.S.C. § 1705; Executive Orders 13660, 13661, and 13362; and 31 C.F.R. § 589.201.

21. The Government denies knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 21, except to the extent they purport to characterize the OFAC penalty at issue as inappropriate, which the Government denies.

### B. The Loan Payment Transactions Giving Rise to Plaintiff's Penalty Challenge

22. With respect to the first sentence of Paragraph 22, the Government admits only that the penalty OFAC imposed was based in part on Plaintiff receiving the payments described; the remaining allegations in the sentence constitute conclusions of law or Plaintiff's characterization of facts, to which no response is required, but to the extent a response is required, the Government denies those allegations. The remaining allegations of Paragraph 22, including the footnote, consist of legal conclusions and Plaintiff's characterization of certain materials available on OFAC's

website, to which no response is required; the Government respectfully refers the Court to these materials for a full and accurate statement of their contents.

23.     The Government admits that Plaintiff received the payments at issue from a U.S. person who had incurred a debt to Baufinanz Investments Limited ("Baufinanz"), an entity owned by Deripaska; that the U.S. person and Baufinanz entered into a settlement agreement in 2013; and that the U.S. person agreed to pay $105,000 to Baufinanz pursuant to this agreement. The Government denies knowledge or information sufficient to form a belief in the truth of the remaining allegations in Paragraph 22, except denies that all of the payments under the settlement agreement were approximately $1,250.

24.     The Government admits the allegations in the first sentence of Paragraph 24, except denies that Baufinanz was an affiliate of Plaintiff only "at that time," denies that the redirection of payments to Plaintiff was "[a]s a result" of the Settlement Agreement, and denies knowledge or information sufficient to form a belief in the truth of the allegation that the arrangement to redirect payments from Baufinanz to Plaintiff was a "standard commercial arrangement." The Government denies knowledge or information sufficient to form a belief in the truth of the remaining allegations in this paragraph, except admits that the payments from the U.S. person to Plaintiff began in 2013 and continued for approximately seven years.

25.     The Government admits only the allegations in Paragraph 25 that Plaintiff spent the payments received under the Settlement Agreement and recorded those payments as a debt to Baufinanz, and denies knowledge or information sufficient to form a belief in the truth of the remaining allegations in this paragraph.

26.     With respect to the first sentence of Paragraph 26, the Government denies knowledge or information sufficient to form a belief in the truth of the allegations regarding the

ultimate beneficial ownership of Plaintiff and the transfer thereof to Ezubov, except to the extent they constitute a conclusion of law, to which no response is required. With respect to the second sentence of Paragraph 26, the Government avers that Plaintiff received 24 payments totaling $31,250 from the U.S. person from April 24, 2018, to May 7, 2020, and denies knowledge or information sufficient to form a belief in the truth of the allegation about Ezubov's recollection. The allegations in the third sentence of Paragraph 26 are vague and ambiguous, and in particular do not specify with reasonable intelligibility what "immediately apparent" means; accordingly, the Government denies knowledge or information sufficient to form a belief in the truth of the allegation in this sentence. To the extent a response is deemed required, the Government denies the allegations in this sentence. The Government denies the allegations in the last sentence of Paragraph 26, except denies knowledge or information sufficient to form a belief in the truth of the allegation that Plaintiff used the funds it received solely for maintenance operations.

27. The Government admits the allegation in the first sentence of Paragraph 27. The allegations in the second sentence purport to characterize the Notification of Blocking of a Third Person that OFAC issued to Plaintiff on April 6, 2018, to which no response is required; the Government respectfully refers the Court to that notification for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it. As for the third sentence of Paragraph 27, the Government admits that Deripaska was not the nominal legal owner of Plaintiff and the properties it managed on the date the Notification was sent; any remaining allegations in this sentence are legal conclusions, to which no response is required.

28. The Government admits that Plaintiff continued to receive the payments at issue after it received the OFAC blocking notice in 2018, and denies knowledge or information sufficient to form a belief in the truth of the remaining allegations in the first two sentences of Paragraph 28.

The allegations in the third sentence of Paragraph 28 are vague and ambiguous, and in particular do not specify with reasonable intelligibility what "back-channel payments" means; accordingly, the Government denies knowledge or information sufficient to form a belief in the truth of the remaining allegations in the sentence. To the extent a response is deemed required, the Government denies the allegations in the sentence.

29.     With respect to the first sentence of Paragraph 29, the Government denies that the relevant period is limited to the period from April 6, 2018, through May 7, 2020, and admits the remaining allegations in this sentence. The Government denies knowledge or information sufficient to form a belief in the truth of the allegations in the remaining sentences of Paragraph 29, except to the extent they consist of conclusions of law, to which no response is required.

30.     The Government denies knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 30, except to the extent that they consist of conclusions of law, to which no response is required.

### C.  [Argumentative Heading]

31.     The allegations in Paragraph 31 consist of Plaintiff's characterization of the cited submission that it made November 22, 2024, to OFAC, to which no response is required; the Government respectfully refers the Court to that submission for a full and accurate statement of its contents and denies any allegations that are inconsistent with it. To the extent the reference to "the record" in the second sentence of this paragraph relates to the broader exchange between Plaintiff and OFAC, the Government respectfully refers the Court to the administrative record that will be filed in this case for a full and accurate statement of its contents and denies any allegations that are inconsistent with it.

32.     With respect to the first sentence of Paragraph 32, the Government admits only that Plaintiff blocked the debt and reported it to OFAC on January 11, 2022, and subsequently made a

disclosure to and cooperated with OFAC; the Government denies knowledge or information sufficient to form a belief in the truth of the allegations in this sentence regarding Plaintiff's knowledge, and denies that Plaintiff's disclosure was a voluntary self-disclosure within the meaning of OFAC's Enforcement Guidelines. The Government denies the allegations in the second sentence, except to the extent they consist of legal conclusions or Plaintiff's characterization of the cited OFAC regulations, to which no response is required.

33.     The Government admits the allegation in Paragraph 33 that Plaintiff provided a disclosure to OFAC on January 11, 2022, but denies the allegations that Plaintiff's disclosure was a voluntary self-disclosure within the meaning of OFAC's Enforcement Guidelines, or that the disclosure provided "complete information" to OFAC. The remaining allegations in Paragraph 33 consist of Plaintiff's characterization of its submission to OFAC, to which no response is required; the Government respectfully refers the Court to that submission for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it.

34.     The allegations in the first sentence of Paragraph 34 consist of conclusions of law, to which no response is required; to the extent a response is deemed required, the Government denies these allegations. The allegations in the second sentence of Paragraph 34 consist of Plaintiff's characterization of OFAC's December 4, 2025, Penalty Notice, to which no response is required; the Government respectfully refers the Court to that notice for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it.

35.     The allegations in the first sentence of Paragraph 35 consist of Plaintiff's characterization of OFAC's December 4, 2025, Penalty Notice, to which no response is required; the Government respectfully refers the Court to that notice for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it. The Government denies the

9

remaining allegations in Paragraph 35, except to the extent they consist of conclusions of law, to which no response is required.

36.    The Government admits the allegations in the first sentence of Paragraph 36. The allegations in the second sentence of Paragraph 36 consist of Plaintiff's characterization of its August 15, 2022, submission to OFAC, to which no response is required; the Government respectfully refers the Court to that submission for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it.

37.    The Government admits the allegations in the first sentence of Paragraph 37. The remaining allegations in Paragraph 37 consist of Plaintiff's characterization of the indictment of Deripaska, to which no response is required; the Government respectfully refers the Court to the indictment for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it. The Government denies that the indictment's allegations are "incorrect[]" or "conclusory."

38.    The Government admits the allegations in Paragraph 38.

39.    The Government admits that Plaintiff entered into a tolling agreement with OFAC on May 12, 2023, with OFAC. The remaining allegations in Paragraph 39 consist of Plaintiff's characterization of the contents or effect of the tolling agreement, to which no response is required; the Government respectfully refers the Court to the tolling agreement for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it.

40.    The Government admits that, on March 26, 2024, OFAC asked Plaintiff to respond to certain additional questions and that Plaintiff provided its response on April 29, 2024. The remaining allegations in Paragraph 40 consist of Plaintiff's characterization of the contents and basis for the OFAC request and response, to which no response is required; the Government

10

respectfully refers the Court to these materials for a full and accurate statement of their contents, and denies any allegations that are inconsistent with them.

41.    With respect to the first sentence of Paragraph 41, the Government admits that Plaintiff submitted further correspondence and materials, including a settlement proposal, to OFAC on January 10 and March 14, 2025. The remaining allegations in this sentence and the accompanying footnote consist of Plaintiff's characterization of the contents of these submissions, to which no response is required; the Government respectfully refers the Court to these submissions for a full and accurate statement of their contents, and denies any allegations that are inconsistent with them. The Government denies the allegations in the second sentence of Paragraph 41, except to the extent they consist of conclusions of law, to which no response is required.

**D.  [Argumentative Heading]**

42.    The Government admits that, on October 8, 2024, OFAC sent Plaintiff a Prepenalty Notice. The remaining allegations in Paragraph 42 consist of Plaintiff's characterization of this notice, to which no response is required; the Government respectfully refers the Court to the notice for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it.

43.    The allegations in Paragraph 43 consist of Plaintiff's characterization of the Prepenalty Notice, to which no response is required; the Government respectfully refers the Court to the notice for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it.

44.    The allegations in the first sentence of Paragraph 44 consist of Plaintiff's characterization of the Prepenalty Notice, to which no response is required; the Government respectfully refers the Court to the notice for a full and accurate statement of its contents, and

11

denies any allegations that are inconsistent with it. The remaining allegations in Paragraph 44 consist of Plaintiff's characterization of the cited OFAC regulations and their purpose, to which no response is required; to the extent a response is required, the Government refers the Court to the cited regulations for a full and accurate statement of their contents, and denies any allegations that are inconsistent with them.

46. The allegations in Paragraph 45 consist of Plaintiff's characterization of the cited OFAC regulations, to which no response is required. To the extent a response is required, the Government refers the Court to the cited regulations for a full and accurate statement of their contents, and denies any allegations that are inconsistent with them.

46. The Government denies the allegation in the first sentence of Paragraph 46, except to the extent it consists of a legal conclusion, to which no response is required. With respect to the second sentence of Paragraph 46, the Government denies the allegation that the violations at issue were "neither willful nor reckless," except to the extent it consists of a legal conclusion, to which no response is required; denies knowledge or information sufficient to form a belief in the truth of the allegation that Plaintiff "had no history of sanctions violations," except avers that OFAC had not previously issued any Finding of Violation to, or imposed any civil monetary penalty on, Plaintiff for any such violations; and denies the allegation that Plaintiff "fully" cooperated with OFAC throughout the investigation, but avers that Plaintiff cooperated with OFAC to some degree. The Government denies the allegation in the third sentence of Paragraph 46. With respect to the fourth sentence of Paragraph 46, the Government denies knowledge or information sufficient to form a belief in the truth of the allegations about what happened to the funds at issue, and to Plaintiff's characterization of the funds at issue as being "of minimal value." The Government

denies the allegations in the fifth sentence of Paragraph 46, except to the extent they constitute legal conclusions, to which no response is required.

47. The allegations in Paragraph 47 consist of Plaintiff's characterization of the Prepenalty Notice, to which no response is required; to the extent a response is required, the Government refers the Court to the cited notice for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it. The Government denies the allegations in Paragraph 47 to the extent they purport to find fault in OFAC's findings as reflected in the Prepenalty Notice.

48. The allegations in the first sentence of Paragraph 48 consist of Plaintiff's characterization of the Prepenalty Notice, to which no response is required; to the extent a response is required, the Government refers the Court to the cited notice for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it. The Government denies the allegations in the remainder of Paragraph 48 to the extent they purport to find fault in OFAC's findings as reflected in the Prepenalty Notice, admits only that the payments Plaintiff received totaled approximately $31,250 during the two-year period at issue, and denies knowledge or information sufficient to form a belief in the truth of the remaining allegations.

49. The Government denies knowledge or information sufficient to form a belief in the truth of the allegations in the first sentence of Paragraph 49, except with respect to Plaintiff's self-characterization as "commercially unsophisticated," to which no response is required; to the extent a response is required, the Government denies this allegation. The Government denies the remaining allegations in Paragraph 49, except to the extent they consist of legal conclusions, to which no response is required.

50.    Certain allegations in the first sentence of Paragraph 50 consist of Plaintiff's characterization of the contents of the Prepenalty Notice, to which no response is required; to the extent a response is required, the Government refers the Court to the cited notice for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it. The Government denies the remaining allegations in this sentence to the extent they purport to find fault in OFAC's findings as reflected in the Prepenalty Notice, and otherwise denies knowledge or information sufficient to form a belief in the truth of the remaining allegations. With respect to the second sentence of Paragraph 50, the Government admits that Plaintiff submitted information to OFAC in 2022, but denies that this submission was a voluntary self-disclosure within the meaning of OFAC's Enforcement Guidelines. The Government denies the remaining allegations in this sentence to the extent they purport to find fault in OFAC's findings as reflected in the Prepenalty Notice, admits that Plaintiff reported to OFAC that it blocked the debt in question, and denies knowledge or information sufficient to form a belief in the truth of the allegation that Plaintiff actually blocked the debt in question.

51.    The Government denies the allegations in Paragraph 51 to the extent they purport to find fault in OFAC's findings as reflected in the Prepenalty Notice and Penalty Notice. Certain allegations in the first and second sentences of Paragraph 51 consist of Plaintiff's characterization of the contents of the Prepenalty Notice and Penalty Notice, to which no response is required; to the extent a response is required, the Government refers the Court to the cited notices for a full and accurate statement of their contents, and denies any allegations that are inconsistent with them. The Government otherwise denies knowledge or information sufficient to form a belief in the truth of the remaining allegations in the first and second sentences of Paragraph 51, including the vague allegation that Deripaska "had no property or presence in the United States related to Plaintiff,"

14

except denies the allegation that "no sanctioned party received any benefit from the payments" at issue. The Government denies knowledge or information sufficient to form a belief in the truth of the allegations in the third sentence of Paragraph 51, including the accompanying footnote, except to the extent they consist of conclusions of law, to which no response is required. The allegations in the fourth sentence of Paragraph 51 are vague and ambiguous, and in particular do not specify with reasonable intelligibility what is meant by "the time when the payment in question should have ceased pursuant to the 2018 Notification"; accordingly, the Government denies knowledge or information sufficient to form a belief in the truth of the allegations in this sentence. The allegations in the fifth sentence of Paragraph 51 consist of conclusions of law, to which no response is required. The Government denies the allegations in the sixth sentence of Paragraph 51, except to the extent they consist of legal conclusions, to which no response is required.

### E.  [Argumentative Heading]

52.    The allegations in Paragraph 52 consist of Plaintiff's characterization of the Prepenalty Notice, to which no response is required; to the extent a response is required, the Government refers the Court to the cited notice for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it.

53.    The allegations in the first sentence of Paragraph 53 and the accompanying footnote consist of Plaintiff's characterizations of a filing the Government made in a separate lawsuit, to which no response is required; to the extent a response is required, the Government refers the Court to the cited filing for a full and accurate statement of its contents, and denies any allegations that are inconsistent with it. With respect to the allegations in the second sentence of Paragraph 53, the statement that OFAC "has not pointed to anything" regarding Deripaska's interest in the properties appears to refer to the broader exchange between Plaintiff and OFAC; accordingly, the Government respectfully refers the Court to the administrative record that will be filed in this case

15

for a full and accurate statement of its contents and denies any allegations that are inconsistent with it.

54.    The Government denies knowledge or information sufficient to form a belief in the truth of the allegations regarding the ownership of Plaintiff, except to the extent they constitute a conclusion of law, to which no response is required.

55.    The Government denies the allegations in Paragraph 55, including the accompanying footnote, except to the extent they consist of conclusions of law, to which no response is required.

56.    The Government denies the allegations in Paragraph 56, except to the extent they consist of conclusions of law, to which no response is required.

57.    The Government admits the allegations in the first sentence of Paragraph 57. The Government denies the remaining allegations in this paragraph, except to the extent they consist of conclusions of law, to which no response is required.

58.    The allegations in Paragraph 58 consist of legal conclusions and Plaintiff's characterization of the cited OFAC regulations, to which no response is required. To the extent a response is required, the Government's refers the Court to the cited regulations for a full and accurate statement of their contents, and denies any allegations that are inconsistent with them.

59.    The allegations in Paragraph 59 consist of conclusions of law, to which no response is required. To the extent a response is deemed required, the Government denies the allegations in this paragraph.

## CAUSES OF ACTION

### COUNT I

60.    The Government's responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

61. The allegations in Paragraph 61, including its subparts, consist of conclusions of law and Plaintiff's characterization of its claims, to which no response is required. To the extent a response is required, the Government denies the allegations in this paragraph.

## COUNT II

62. The Government's responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

63. The allegations in Paragraph 63, including its subparts, consist of conclusions of law and Plaintiff's characterization of its claims, to which no response is required. To the extent a response is required, the Government denies the allegations in this paragraph.

## COUNT III

64. Defendants' responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

65. The allegations in Paragraph 65, including its subparts, consist of conclusions of law and Plaintiff's characterization of its claims, to which no response is required. To the extent a response is required, the Government denies the allegations in this paragraph.

## COUNT IV

66. Defendants' responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

67. The allegations in Paragraph 67, including its subparts, consist of conclusions of law and Plaintiff's characterization of its claims, to which no response is required. To the extent a response is required, the Government denies the allegations in this paragraph.

## COUNT V

68. Defendants' responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

69.     The allegations in Paragraph 69, including its subparts, consist of conclusions of law and Plaintiff's characterization of its claims, to which no response is required. To the extent a response is required, the Government denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs under the heading "Prayer for Relief" consist of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, the Government denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

\* \* \*

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. In further response to the Complaint, the Government raises the following defenses and other bars to relief.

## FIRST DEFENSE

Under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, judicial review of a final agency decision is limited to the administrative record of the proceedings below.

## SECOND DEFENSE

The challenged agency decision was not arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law.

## THIRD DEFENSE

The Government at all relevant times acted in accordance with applicable legal authority, and did not violate the Administrative Procedure Act, the International Emergency Economic Powers Act, Executive Order 13661, Executive Order 13662, or any other applicable statute, regulation, or legal authority.

18

**FOURTH DEFENSE**

Plaintiff is not entitled to money damages in this case.

**FIFTH DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted.

\* \* \*

The Government may have additional defenses which are not known at this time but which may become known later in this case. Accordingly, the Government reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE the Government respectfully requests that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of the Government; and (3) grant such further relief as the Court deems just and proper.

Date:   New York, New York
        March 30, 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:     */s/ Jean-David Barnea*
        JEAN-DAVID BARNEA
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2679
        Email: jean-david.barnea@usdoj.gov
        *Attorney for the Government*

19